**No. 60249.**—Columbia Tire Co. *v.* United States, petition 7191–R (New York).

Opinion by MOLLISON, J. Prior to making entry, a member of the importing firm made an investigation abroad, the result of which convinced him that the invoiced prices represented the correct value of the merchandise, and he, accordingly, instructed the broker to make entry at those figures. Prior to appraisement and upon consultation between another member of the firm and the customs examiner who passed upon that class of merchandise, the firm agreed to seek further information from abroad. The information received was somewhat conflicting and, inasmuch as the members of the importing firm believed the entered prices were correct, it was decided to test the issue by way of an appeal for reappraisement, which was filed after the appraiser had made his return at a higher value. Subsequent information received from abroad confirmed the correctness of the appraised values, and the appeal for reappraisement was abandoned. On the record presented, it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was, therefore, granted.

**No. 60250.**—Consumer's Tire & Supply Company, Inc. *v.* United States, petition 7196–R (Chicago).

Opinion by MOLLISON, J. It appeared that, prior to entry, the president of the petitioning company sought information in Canada and in this country as to the correct value to be used for entry purposes and, as the result of his inquiries, was satisfied that the invoiced prices represented such value. An appeal for reappraisement was filed after higher values were returned by the appraiser, but was abandoned when the exporter failed to cooperate in the matter of securing proof to support the appeal. On the record presented, it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was, therefore, granted.

SEPTEMBER 18, 1956

**No. 60251.**—Davies Turner & Company *v.* United States, protest 194412–K.— Plaintiff's application for rehearing denied.

SEPTEMBER 19, 1956

**No. 60252.**—SUIT 4832.—D. N. & E. Walter & Co. and Hoyt, Shepston & Sciaroni *v.* United States.— —C. D. 1629 affirmed February 21, 1956. C. A. D. 615.